**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN LUGAR SORIANO, | No. 10-71979 |
| Petitioner, | Agency No. A098-269-114 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jonathan Lugar Soriano, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Soriano's contention that he is a member of a social group comprised of business owners targeted by terrorist organizations because he did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

Substantial evidence supports the BIA's determination that Soriano failed to establish a nexus between past or future harm and a protected ground, including membership in a particular social group or an actual or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1032-33 (9th Cir. 2014) (record did not compel the conclusion that the petitioner was persecuted on account of a protected ground). Thus, Soriano's asylum and withholding of removal claims fail.

Finally, substantial evidence also supports the agency's denial of CAT relief because Soriano failed to show it is more likely than not that he would be tortured

10-71979

by the government of the Philippines, or with its consent or acquiescence. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

This dismissal is without prejudice to petitioner's seeking prosecutorial

discretion or deferred action from the Department of Homeland Security. *See*

*Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471,

483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at

any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**